IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD KAPPERMAN, | ) | 1:92-cr-5164 AWI |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| UNITED STATES and BENJAMINE WAGNER, | ) ) ) | Doc. # 944 |
| Defendants. | ) ) ) | |

    On November 13, 2012, the court issued a memorandum opinion and order (the "November 13 Order") denying the motion of plaintiff Donald Kapperman ("Plaintiff") to produce samples used at his trial for "complete forensic chemical testing." As pointed out in the November 13 Order, the release of samples that were recovered from Plaintiff's residence in Lancaster, and from the residence of co-defendant Thomas Farrugia ("Farrugia") for "complete forensic" testing has been a project of Farrugia's for more than ten years and has involved more than sixty motions and requests. Plaintiff's motion for complete forensic testing was apparently the first such motion by Plaintiff and accompanied the latest of Farrugia's motions which was filed in June of 2011. Both Farrugia's and Plaintiff's motions for complete forensic testing were denied on essentially the same grounds – both failed to show that there was any connection

1   between the proposed forensic testing and their claims of actual innocence.

2          Plaintiff's motion for reconsideration was filed on December 10, 2012; twelve days after
3   Farrugia filed a similar request for reconsideration.  As with Farrugia's request for
4   reconsideration, Plaintiff's request is pursuant to Rule 59(e) of the Federal Rules of Civil
5   Procedure but will be deemed submitted pursuant to Rule 60(b).

6          Rule 60(b) permits a district court to relieve a party from a final order or judgment on
7   grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an
8   adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."
9   The motion for reconsideration must be made within a reasonable time, in any event "not more
10  than one year after the judgment, order, or proceeding was entered or taken."  Id.

11         Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick
12  Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
13  Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing
14  nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City
15  of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other
16  grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d
17  214 (1988).

18         Plaintiff's request for reconsideration alleges the "court promised" chemical analysis of
19  the white powdery substances recovered from the residences of Plaintiff and Farrugia (previously
20  referred to as the "Lancaster and Oakley Substances," respectively).  In its November 13 Order,
21  the court asserted, and Plaintiff does not dispute, that the trial court did provide samples of the
22  substances before the trial and Plaintiff and Farrgia's attorneys did obtain such analysis as was
23  available to them at the time and were able to show that both Substances were mixtures
24  containing approximately 50% ephedrine, that neither contained methamphetamine and that the
25  samples were different from each other and from the "pure bait ephedrine."  Plaintiff's trial
26  attorney attested to the fact that no resource could be identified for more complete chemical
27  analysis.

28         As noted above, the November 13 Order denied Plaintiff's request for production of

samples of the Substances based on the failure of Plaintiff to show how complete forensic testing fo the composition of either substance would advance his claim of actual innocence.  On motion for reconsideration, the only connection the court can discern between the chemical composition of the Substances and the validity of Plaintiff's conviction is Plaintiff's contention that the failure to acquire complete forensic chemical testing resulted in a failure to show that either of the substances, containing as they did various binders and adulterants, could have been used successfully to manufacture methamphetamine.  Whether or not Plaintiff or Farrugia raised the issue at trial, it is clear that the government had no burden to show that it was possible to manufacture methamphetamine from the Substances.  As the November 13 Order pointed out, the charges of which Plaintiff was convicted were *conspiracy* to manufacture methamphetamine and *possession* of ephedrine, a listed substance.  In that context, the government was required only to show that Plaintiff and Farrugia *possessed* ephedrine and had the *intent* to manufacture methamphetamine.

To the extent Plaintiff may be contending that he was denied the possibility of advancing the *defense* of impossibility based on the chemical incompatibility of the Substances with the manufacture of methamphetamine, that contention fails.  It is well settled that the defense of impossibility is not available in a charge of conspiracy or of attempt.  United States v. Everett, 692 F.2d 596, 599 (9th Cir. 1982).  Thus, so long as the Substances were found to have *contained* ephedrine, it does not matter if the chemical impurities in either or both Substances would have prevented the actual manufacture of methamphetamine.

Plaintiff has failed to establish that the court's November 13 Order was erroneous or contrary to law.  The motion for reconsideration will therefore be denied.

THEREFORE, it is hereby ORDERED that Plaintiff's motion for reconsideration of the court's order of November 13, 2012 is DENIED.

IT IS SO ORDERED.

Dated:   January 7, 2013                                    _____
                                                                                UNITED STATES DISTRICT JUDGE