**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS FARRUGIA, in pro se, Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA Respondent. <br> _____/ | 1:92-cr-05164-AWI-5 <br><br> **ORDER DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C §2255** <br><br> (Doc. #965) |

    This matter arises from the criminal conviction of Defendant/Petitioner Thomas Farrugia ("Petitioner"). Petitioner brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that the Supreme Court's decision in *Alleyne v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 2151 (2013) applies to his conviction. Petitioner states that the court did not submit certain facts that increased the mandatory minimum sentence to the jury, and that his convictions are therefore in violation of *Alleyne*.

    The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to file a petition to vacate, set aside, or correct a sentence. This period runs from: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

The Ninth Circuit established that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review. *Hughes v. United States*, 770 F.3d 814, 817 (9th Cir. 2014); *see also Gentile v. Fox*, 2014 WL 3896065 (C.D. Cal. July 11, 2014) (collecting cases rejecting the retroactivity of *Alleyne*)). Since Petitioner has not alleged (1) any governmental action that impeded his ability to make such a motion, or (2) new, previously-undiscoverable facts which are now available, § 2255(f)(1) governs Petitioner's statutory one-year limitation. It is well established that "finality attaches...when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." *Clay v. United States,* 573 U.S. 522 (2003). The Supreme Court denied Petitioner's writ of certiorari on March 31, 1997. Petitioner's June 23, 2014 motion falls well outside of the one-year statute of limitations. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence will be DISMISSED.

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin,* ⎯⎯ U.S. ⎯⎯, 133 S.Ct. 1017, 2013 WL 598436, *2 (2013) (Ginsburg, J., concurring, joined by Scalia & Breyer, JJ.). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of Rules Governing § 2254 Cases. A COA may issue only if "'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right…'" *In re Marciano,* 708 F.3d 1123, 2013 WL 703157, * 10 (9th Cir. 2013) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

In this action, the Court finds that reasonable jurists would not disagree that the one-year statute of limitations bars Petitioner's motion to vacate, set aside, or correct sentence. Petitioner brings this motion nearly seven years after the Supreme Court denied his writ of certiorari, the

point at which finality attached to his conviction. Since *Alleyne* does not apply retroactively to cases, and since there was no alleged governmental impediment or new, previously undiscoverable facts or claims, the one-year limitation period clearly bars his motion.

    Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence is DISMISSED. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 8, 2015                              _____
                                    SENIOR DISTRICT JUDGE