IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:92 – CR - 5164  AWI<br><br><br>ORDER DENYING RECONSIDERATION OF PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE HIS SENTENCE<br><br>Doc. # 972 |

Currently before the court is a motion by petitioner Thomas Farrugia for reconsideration of the court's order of June 9, 2015, denying Petitioner's motion to correct, vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.  Doc. # 970 (the "June 9 Order").  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334,

1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.  See Catholic Soc. Servs. V. Ashcroft, (No. CIV S-86-1343 LKK), 2002 U.S. Dist. LEXIS 19194, *57, n. 18 (E.D. Cal. July 25, 2002) ("Generally speaking, before reconsideration may be granted, there must be a change in the controlling law, the need to correct a clear error, or the need to prevent manifest injustice.").

Petitioner's motion for reconsideration is premised on the contention that the court erred by finding that "Petitioner's June 23, 2014 motion was filed well outside of the one-year statute of limitations."  Doc. # 970 at 2:14.  Petitioner contends that his motion of June 23, 2014, ("the "2255 Motion") was filed within one year of the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151, (2013), the case that was the legal basis for his 2255 Motion, and the 2255 Motion was therefore timely.  The court's June 9 Order made it clear that 28 U.S.C. § 2255(f) provides that, for purposes of Petitioner's 2255 Motion, the one-year limitations begins to run as of the latest of either (1) the date when Petitioner's conviction became final or (2) "'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*.'"  Doc. # 970 at 1:27-2:2 (quoting section 2255(f)(3)) (italics added).

As the court's June 9 Order pointed out, the Ninth Circuit Court of Appeals has held that Alleyne has *not* been made "retroactively applicable to cases on collateral review" and, as a consequence, the one-year limitations period began to run on the date Petitioner's conviction became final; a date that was many years before Petitioner's 2255 Motion was filed.  The court therefore finds there was no error in its June 9 Order.  Petitioner has simply failed to properly understand that he cannot avail himself of the benefit of a new right that has not been made retroactively available by the Supreme Court.  Petitioner is therefore not entitled to reconsideration of the court's June 9 Order.

To the extent Petitioner may have intended to base his motion for reconsideration on the contention that the motion that was filed on June 23, 2014, was not subject to the one-year

limitations period because Petitioner filed his claim for relief under the All Writs Act, 28 U.S.C. § 1651, Petitioner is hereby informed that the All Writs Act provides no relief.  It is well settled that the All Writs Act is inapplicable if there is a statute that "specifically addresses the particular issue at hand."  <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996).  The "issue at hand" with regard to Petitioner's motion of June 23 was Petitioner's intention to have his sentence vacated or corrected or set aside.  That set of issues is specifically addressed by 28 U.S.C. § 2255 and Petitioner may not avail himself of any other writ in order to avoid the limitations Congress has provided by statute.

The court concludes that its June 9 Order did not err in stating the circumstances where a petitioner may advance a section 2255 motion by relying on a limitations period that starts at later than the date the petitioner's conviction becomes final.  The court also did not err in finding that none of those alternative commencement dates can be applied to the facts of Petitioner's 2255 Motion.

THEREFORE, for the reasons discussed above, Petitioner's request for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   August 31, 2015                               _____
                                                       SENIOR DISTRICT JUDGE