1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7   UNITED STATES OF AMERICA,

8                             Plaintiff,

9              v.

10  THOMAS RICHARD FARRUGIA,

11                            Defendant.

12

CASE NO.  1:92-CR-05164-AWI -5

ORDER DENYING DEFENDANT'S MOTION
PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2)

13        The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his

14  sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity

15  Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking

16  offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a

17  reduction under U.S.S.G. §  1B1.10 because he was sentenced as a career offender and sentenced to a

18  statutory mandatory life term.  The Court will deny the defendant's motion.

19        Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a

20  defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

21  subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151,

22  1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782,

23  which generally revised the Drug Quantity Table and chemical quantity tables.  The Commission also

24  voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

25        However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B):  "A reduction in the defendant's term

26  of imprisonment is not consistent with this policy statement and therefore is not authorized under 18

27  U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

28  defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B).  A court's authority to modify a

1

1  sentence is limited by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

2  　　　In this case, the defendant's sentencing range has not changed because it did not rest on the drug

3  quantity table in Section 2D1.1 which has been amended.  Under the version of Section 2D1.1 in effect

4  at the time of sentencing, the defendant's base offense level for the drug offense was 36; that would be

5  reduced to 34 pursuant to Amendment 782. *Compare* U.S.S.G. § 2D1.1(c)(2) (1993) *with* U.S.S.G. §

6  2D1.1(c)(3) (2014).  However, the defendant was sentenced as a career offender, based on his prior

7  convictions for other drug trafficking offenses, and accordingly his base offense level was increased to

8  37 pursuant to Section 4B1.1.  That enhancement is unaffected by the recent guideline amendment, and

9  the defendant's offense level remains exactly what it was at the time of sentencing.  Where a defendant

10  is sentenced as a result of a finding that he is a career offender, he is not sentenced "based on a

11  sentencing range that has been subsequently lowered by the Sentencing Commission."  *United States v.*

12  *Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

13  　　　Furthermore, the defendant was charged with a violation of Title 21, United States Code, Section

14  846, 841(a)(1), and 841(b)(1)(A).  The government also charged the defendant with his two prior

15  convictions.  C.R. 306.  Upon conviction, the defendant's statutorily mandatory penalty became a life

16  sentence.  While the defendant's sentencing range was 360 months to life, it became life because the

17  when the sentencing range was less than the mandatory minimum sentence, the mandatory minimum

18  sentence becomes the guideline sentence.  U.S.S.G. § 5G1.1(b).  The defendant's guideline range is

19  unchanged at life.  Where a defendant is sentenced to a mandatory term of imprisonment, he is not

20  sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing

21  Commission."  *United States v. v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).

22  　　　IT IS HEREBY ORDERED that he defendant's motion pursuant to Section 3582 is DENIED.

23

24

25  IT IS SO ORDERED.

26  Dated:   November 10, 2015 　　　　　　　 _____

　　　　　　　　　　　　　　　　　　　　　　　SENIOR  DISTRICT  JUDGE

27

28