UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:92-CR-5164 AWI<br>(1:16-CV-830 AWI)<br><br>ORDER TRANSFERRING MATTER TO THE NINTH CIRCUIT COURT OF APPEALS<br><br>(Doc. No. 985) |

On June 13, 2016, Petitioner filed this 28 U.S.C. § 2255 petition. See Doc. No. 985. However, in late 2000, a previous § 2255 petition was denied in this Court. See Doc. Nos. 823, 828. The Ninth Circuit declined to issue a certificate of appealibility. See Doc. No. 839. The current petition is therefore a successive § 2255 petition. In order to file a successive § 2255 petition, a petitioner must obtain a certification to file a successive petition from the Ninth Circuit. See 28 U.S.C. § 2255(h); United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). If a successive petition is filed in the district court without authorization from the circuit court of appeals, then the district court has no jurisdiction to consider the unauthorized successive petition. See Washington, 653 F.3d at 1065. Here, because Petitioner did not obtain authorization from the Ninth Circuit before he filed this successive petition, this Court has no jurisdiction.

Typically, the Court would dismiss this matter for lack of jurisdiction. See id. However, Petitioner is attempting to obtain relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Ninth Circuit has recently held that the one year limitations period in which to raise a *Johnson* issue began to run on June 26, 2015. See Orona v. United States, --- F.3d ---, Ninth Circuit

Docket 16-70568 (9th Cir. 2016).  Thus, the limitations period is about to expire.  If a court finds that it lacks jurisdiction, 28 U.S.C. § 1631 permits that court to transfer the matter in the interests of justice to a court that does have jurisdiction.  See 28 U.S.C. § 1631.  Because of the limitations period is about to expire, and because the Ninth Circuit has been granting authorization in some cases to file a successive § 2255 petition in light of *Johnson*, the Court finds that it is in the interests of justice to transfer this matter to the Ninth Circuit.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Parks v. United States, 2014 U.S. Dist. LEXIS 96468, *3-*5 (E.D. Mo. July 16, 2014); Whipple v. Uribe, 2013 U.S. Dist. LEXIS 47221, *3-*4 (E.D. Cal. Mar. 29, 2013).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that this matter (Doc. No. 985) is TRANSFERRED to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   June 23, 2016                                 _____
                                                                        SENIOR  DISTRICT  JUDGE