# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO. 1:92-CR-5164 AWI<br>　　　　(1:16-CV-830 AWI)<br><br>ORDER ON MOTION REGARDING CHEMICAL EVIDENCE AND ORDER ON MOTION TO DISMISS INFORMATION |

On June 13, 2016, Petitioner filed a successive 28 U.S.C. § 2255 petition, in which he raised issues concerning *Johnson v. United States*, 135 S.Ct. 2551 (2015). See Doc. No. 985. On June 24, 2016, the Court transferred the § 2255 petition to the Ninth Circuit, so that Petitioner could attempt to obtain authorization to file the successive petition in this Court. See 28 U.S.C. § 2255(h); Doc. No. 986. Petitioner's attempt to obtain authorization is currently pending before the Ninth Circuit.

On August 10, 2016, Petitioner filed a motion in which he requested an order directing the prosecutor to turn over to "the DEA Laboratory" or a private laboratory all of the chemical evidence that was presented at his trial, in order to have the "exact chemical make-up" of the chemical evidence determined. See Doc. No. 987.

On September 12, 2016, Petitioner filed a motion to dismiss the "§ 851 Information"[1] based on "false information" which resulted in structural error. See Doc. No. 988. Petitioner states that, as discussed in his *Johnson* § 2255 petition and in his "Motion To Expand The Record

---

[1] It appears that Petitioner is attempting to reference 21 U.S.C. § 851, which deals with the proceedings to establish previous convictions.

1   With Washington State Court Records, (Filed with this Court on 8/24/2016)," the government's

2   § 851 Information is error and a fraud on the Court. Id.

3   With respect to the motion regarding chemical evidence, there is no basis for the Court to

4   order the chemical evidence turned over.[2] First, Petitioner cites no procedural mechanism for this

5   Court to issue such an order. To the extent that Petitioner is relying on his successive § 2255

6   petition, that matter is pending before the Ninth Circuit. Until the Ninth Circuit grants Petitioner

7   authorization to file a successive suit, this Court may not consider the § 2255 petition. See United

8   States v. Washington, 653 F.3d 1057, 1059, 1065 (9th Cir. 2011); cf. Parks v. United States, 2014

9   U.S. Dist. LEXIS 96468, *3-*4 (E.D. Mo. July 16, 2014) (holding that a court has no jurisdiction

10  to stay a successive § 2255 petition while permission from circuit court of appeals is sought).

11  Second, this is not the first time that Petitioner has attempted to ascertain the "exact chemical

12  make-up" of the chemical evidence. At least as far back as 1993, Petitioner has filed similar

13  motions, all of which were denied. See Doc. Nos. 268, 432, 439, 470, 477, 515, 543, 768, 771.

14  Petitioner does not explain why a different result should be reached now. Although Petitioner

15  cites *Wearry v. Cain*, 136 S.Ct. 1002 (2016), he does not explain how that case is relevant or

16  would entitle him to relief. To the extent that Petitioner believes that *Wearry* forms a basis for a §

17  2255 petition, as previously explained, Petitioner's recourse is with the Ninth Circuit Court of

18  Appeals because he has had a previous § 2255 petition denied in this Court. See 28 U.S.C. §

19  2255(h); Washington, 653 F.3d at 1059, 1065; Doc. Nos. 823, 839, 985. Therefore, Petitioner's

20  motion regarding chemical evidence will be denied.

21  With respect to the motion to dismiss the § 851 Information, the motion is only one page

22  and it does not identify under which rule or statutory provision it is being brought. It appears that

23  Petitioner may be arguing that he has newly discovered evidence from Washington state. This

24  arguably could be a basis for a successive petition. See 28 U.S.C. § 2255(h)(1). However, as

25  stated above, because Petitioner has had a previous § 2255 petition denied, he must obtain

26  authorization from the Ninth Circuit in order to file a successive § 2255 petition. See 28 U.S.C. §

27

28  [2] The Court notes that Petitioner was convicted in 1994, and had a § 2255 petition denied in 2000. See Doc. Nos. 460, 461, 823. Given this history, it is unknown whether the chemical evidence still exists.

2255(h); Washington, 653 F.3d at 1059.  While it appears that Petitioner is attempting to raise this issue with the Ninth Circuit (Petitioner cites in his motion the "*Johnson* petition" and a motion that was filed in the Ninth Circuit),[3] see Doc. No. 988, it is clear that the Ninth Circuit has not authorized a successive petition.  See id.  Without authorization, the Court cannot consider the motion and must instead deny it.  See Washington, 653 F.3d at 1059, 1065.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion regarding chemical evidence (Doc. No. 987) and motion to dismiss (Doc. No. 988) are DENIED.

IT IS SO ORDERED.

Dated:   November 15, 2016                   _____
                                              SENIOR DISTRICT JUDGE

---

[3] The "Motion To Expand The Record With Washington State Court Records, (Filed with this Court on 8/24/2016)," see Doc. No. 988, was filed in the Ninth Circuit, it was not filed in the Eastern District of California.  See Doc. No. 3 in Docket of Ninth Circuit Case No. 16-72142.