# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 1:92-CR-5164 AWI<br>(1:16-CV-830 AWI)<br><br>ORDER ON MOTION TO VACATE<br><br>(Doc. No. 998) |

In late 2000, the Court denied Petitioner's 28 U.S.C. § 2255 petition. See Doc. Nos. 823, 828.

In June 2016, the Court transferred as successive § 2255 petition to the Ninth Circuit, so that Petitioner could attempt to obtain authorization from the Ninth Circuit under 28 U.S.C. § 2255(h). See Doc. No. 986. The Court transferred the June 2016 petition because Petitioner was raising claims under *Johnson v. United States*, 135 S.Ct. 2551 (2015), and the applicable limitations period was about to lapse. See id.

On June 8, 2017, Petitioner filed another motion to vacate under § 2255. See Doc. No. 998. Petitioner bases his claim for relief on *Mathis v. United States*, 136 S.Ct. 2243 (2016). See id.

However, as explained to Petitioner in the Court's June 2016 transfer order, in order to file a successive § 2255 petition, a petitioner must obtain a certification from the appropriate Circuit Court of Appeals, in this case the Ninth Circuit. See 28 U.S.C. § 2255(h); United States v.

Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). A district court has no jurisdiction to consider an unauthorized successive § 2255 petition. See id. at 1065. There is no indication that Petitioner has obtained authorization to file this § 2255 petition. Therefore, this Court has no jurisdiction to consider the petition, and will deny it accordingly.[1] See id.

ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's unauthorized successive 28 U.S.C. § 2255 petition (Doc. No. 998) is DENIED.

IT IS SO ORDERED.

Dated:  July 6, 2017                               _____
                                                                    SENIOR DISTRICT JUDGE

---

[1] The Court notes that, per § 2255(h), "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," is a valid basis for a successive § 2255 petition. However, at least one circuit has held that *Mathis* has not been made retroactive by the Supreme Court, and it did not announce a new rule of constitutional law. See Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016).