# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. 1:92-CR-5164 AWI<br>(1:16-CV-830 AWI)<br><br>**ORDER ON MOTION TO VACATE**<br><br>(Doc. No. 1006) |

In late 2000, the Court denied Petitioner's 28 U.S.C. § 2255 petition. See Doc. Nos. 823, 828.

On June 8, 2017, Petitioner filed another motion to vacate under § 2255. See Doc. No. 998. Petitioner based his claim for relief on *Mathis v. United States*, 136 S.Ct. 2243 (2016). See id. In denying the petition as an unauthorized successive petition, the Court explained that in order to file a successive § 2255 petition, a petitioner must obtain a certification from the appropriate Circuit Court of Appeals, in this case the Ninth Circuit. See id.

On December 14, 2018, Petitioner filed a motion under 28 U.S.C. § 1651 in which he attempts to have his sentence vacated due to ineffective assistance of counsel. See Doc. No. 1006. Specifically, Petitioner states that his attorney did not negotiate a plea-deal or presented him with a plea deal, despite his alleged lesser role in the drug conspiracy and the three other co-defendants (who also had prior drug convictions) receiving plea deals. See id.

*Legal Standard*

"28 U.S.C. § 2255 allows a federal prisoner to 'vacate, set aside, or correct' the prisoner's conviction or sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." United States v. Hill, 915 F.3d 669, 674 (9th Cir. 2019) (quoting 28 U.S.C. § 2255(a)). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) reads:

> A second or successive motion must be certified as provided in [28 USC § 2244] by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). To avoid § 2255(h), petitioners will often attempt to characterize their motions in a way that avoids the requirements of § 2255(h). See Washington, 653 F.3d at 1059. For example, petitioners sometimes attempt to characterize their motions as brought under Rule 60(b), which allows a party to seek relief from a final judgment and to reopen his case on limited grounds, for example that the judgment was void (under Rule 60(b)(4)) or that extraordinary circumstances support relief. See id. at 1059-60; United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011). However, "if the motion presents a 'claim,' i.e. 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." Washington, 653 F.3d at 1063 (citing Gonzalez v. Crosby, 545 U.S. 524, 530 (2005)); see also Buenrostro, 638 F.3d at 722. If § 2255(h) applies, but a petitioner has not received permission from the court of appeals to file a successive § 2255 petition, then the district court is without jurisdiction. See Washington, 653 F.3d at 1065.

*Discussion*

A § 2255 petition is the appropriate mechanism for challenging the constitutional validity

of a sentence.  See 28 U.S.C. § 2255(a); Hill, 915 F.3d at 694.  Although Petitioner is invoking 28 U.S.C. § 1651 (the All Writs Act), Petitioner is asserting that his sentence is invalid because it is unconstitutional due to ineffective assistance of counsel.  Therefore, Petitioner's motion constitutes a "claim" for purposes of § 2255(h), and this matter is a successive § 2255 petition. See Washington, 653 F.3d at 1063.  Because Petitioner has not obtained authorization to pursue a successive § 2255 petition from the Ninth Circuit, this Court is without jurisdiction and must deny Petitioner's petition.  See id. at 1063-65; Matus-Leva v. United States, 287 F.3d 758, 760-61 (9th Cir. 2002) (holding that a petitioner in custody could not pursue a writ of coram nobis under the All Writs Act instead of § 2255 petition); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (holding that, despite citation to All Writs Act, the petition was an unauthorized § 2255 petition and that the district court properly denied relief).

### ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's unauthorized successive 28 U.S.C. § 2255 petition (Doc. No. 1006) is DENIED.

IT IS SO ORDERED.

Dated:   May 2, 2019

SENIOR DISTRICT JUDGE