# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>THOMAS RICHARD FARRUGIA,<br><br>Defendant | CASE NO. 1:92-CR-5164 AWI<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 1008) |

Currently pending before the Court is Defendant Thomas Richard Farrugia's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 1008. The United States has filed a notice of non-opposition. For the reasons that follow, Defendant's motion will be granted.

*Background*

On June 17, 1994, Defendant was found guilty by a jury of violating 21 U.S.C. §§ 841(a)(1) and (b)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2; conspiracy to manufacture methamphetamine (count one) and possession of ephedrine with intent to manufacture methamphetamine and aiding and abetting (count 2). Defendant was sentenced on November 9, 1994 to life in in prison followed by a life term of supervised release. Farrugia is currently in the FCI Victorville prison and has served 340 months of his life sentence.

FCI Victorville is currently experiencing an outbreak of Covid 19. As of the date of this order, 94 prisoners currently have the virus. See https://www.bop.gov/coronavirus/. Defendant submitted a request with the Warden of Victorville for compassionate release. The request was received on September 29, 2020. Defendant's request was denied by the Bureau of Prisons at an unknown date. However, Defendant represents that the BOP denied his request for release at all applicable levels of review.

*Parties' Arguments*

Defendant bases his motion on the criteria of United States Sentencing Guideline § 1B1.13.  Defendant argues that he is 74 years old and has served nearly 30 years in prison. Defendant explains that he has heart disease (systolic congestive heart failure, angina pectoris, coronary atheroscler of unspecified type of bypass graft, chronic ischemic heat disease, and ischemic cardiomyopathy), thrombocytopenia, hypertension, chronic hepatitis C., hypothyroidism, hyperlipidemia, mononeuropathy of lower limb, ventral hernia, IBS, and other chronic ailments. Defendant has been classified as "Care 3 Unstable, Complex Chronic Care" since 2013.  This classification means that prisoners have complex, and often chronic, medical conditions that require frequent clinical contacts to maintain control.  "Case 3 Unstable" prisoners also may require assistance to perform certain activities of daily living.  These health conditions not only affect Defendant's life, but also place him at risk for serious illness from Covid 19.  Defendant argues that the current conditions at Victorville, which houses prisoners in a group setting, make it extremely difficult if not impossible to take protective measures against Covid 19.  Defendant argues that his last serious rules violation was 19 years ago, and he has taken advantage of mental health care and rehabilitative and educational programs while incarcerated.  Defendant also argues that the relevant 18 U.S.C. § 3553 factors favor a reduction in sentence.  Defendant argues that if his crime were committed today, he would not receive a life sentence, he is 74 years old and in poor health, and has served over 28 years in prison.  Defendant argues that the 28 years he has served reflects the seriousness of his offense.  Finally, Defendant argues that he has made arrangement to live at House of Hope in Sacramento if his motion is granted.  Upon his release, he has funds from his prisoner trust account and will apply for social security and medicare benefits. Defendant also argues that he has social support in Sacramento.

The United States has filed a notice of non-opposition. The United States agrees that Defendant has exhausted his administrative remedies.  The United States acknowledges that Covid 19 is in FCI Victorville and that Defendant's age and medical conditions put him at risk for serious illness.  The United States also states that it is aware of no compelling evidence indicating that Defendant is currently a danger to the community.  Further, given Defendant's age, chronic

1 health conditions, the particular history and characteristics of Defendant, the amount of time
2 served, and risks of Covid 19, it would be within the Court's discretion to find that the § 3553
3 factors support a sentence reduction.  The United States also requests that the Court impose a
4 time-served sentence and order that Defendant begin serving his life term of supervised release.
5 The United States requests that the Court impose a 14-day quarantine period and medical
6 clearance prior to release to minimize the possibility of the spread of Covid 19 from Defendant to
7 the public.

8 　　　　　In reply, Defendant informed the United States that an alternative living situation in
9 Florida was no longer an option, but that the House of Hope in Sacramento could accommodate an
10 out-of-prison quarantine.  The House of Hope has a home with a single room and Defendant could
11 be quarantined in that room for 14 days.  His meals can be delivered and he can access Covid 19
12 testing at a nearby church.  Probation has no concerns with this option, and counsel for the United
13 States authorized defense counsel to represent that the United States does not oppose this outside
14 prison quarantine and testing plan.

15 　　　*Discussion*

16 　　　　　The parties do not dispute the substance of Defendant's motion.  Indeed, in light of
17 Defendant's reply, it does not appear that the parties dispute anything.  No party dispute's that
18 Defendant's age, sentence served, complex and chronic health conditions, and the threat posed by
19 Covid 19, particularly at FCI Victorville which now has a large outbreak, together justify relief
20 under 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13.  Further, no party suggests that Defendant
21 is a danger to the community or that the 18 U.S.C. § 3553 factors weigh against compassionate
22 release.  After considering the briefing and the relevant statutory considerations, the Court agrees
23 with the parties and will grant Defendant's motion.[1]

24 　　　　　With respect to a quarantine period, the parties are again in agreement that an acceptable
25 quarantine and testing plan can be achieved through the House of Hope in Sacramento.  Given the
26 parties' agreement, the Court is satisfied with Defendant's House of Hope plan.  Therefore, the

27

28 [1] The Court notes that the United States does not dispute Defendant's representation that he has exhausted all levels of review.  In light of the non-opposition, the Court concludes that Defendant has exhausted his administrative remedies.

Court will order that Defendant be released to the House of Hope in Sacramento, where he will undergo a 14 day quarantine period and arrange for nearby Covid-19 testing.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for compassionate release (Doc. No. 1008) is GRANTED;
2. Defendant's term of imprisonment is REDUCED to time served;
3. Immediately upon release from prison, Defendant shall report to the House of Hope located at 7849 Whisperwood Way, Sacramento, California 95823;
4. Defendant shall complete a 14-day quarantine period as described in his reply (Doc. No. 1021) and shall arrange for appropriate Covid 19 testing at St. Paul's Missionary Baptist Church at 3996 14th Ave., Sacramento County, CA 95820;
5. Defendant's life term of supervised release shall begin upon release and remains unaffected by this order; and
6. Defendant shall timely make contact, make himself available, and cooperate with the United States Probation Office for purposes of beginning and implementing his term of supervised release.

IT IS SO ORDERED.

Dated:   November 27, 2020                    _____
                                                SENIOR DISTRICT JUDGE